DAVID F. MCDOWELL (CA SBN 125806)
JACOB M. HARPER (CA SBN 259463)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California  90013
Telephone:  213.892.5200
Facsimile:  213.892.5454
Email:      DMcDowell@mofo.com
            JacobHarper@mofo.com

Attorneys for Defendants
RINGLEADER DIGITAL, INC.;
WHITEPAGES.COM, INC.; TRAVEL CHANNEL,
LLC; and GO2 MEDIA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE AUGHENBAUGH, TONY WEBER, BROOKE STAFFORD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RINGLEADER DIGITAL, INC.; CABLE NEWS NETWORK, INC.; SURFLINE/WAVETRACK, INC.; WHITEPAGES.COM, INC.; TRAVEL CHANNEL, LLC; ACCUWEATHER, INC.; GO2 MEDIA, INC.; MERRIAM-WEBSTER, INC.; and MEDIALETS, INC.,<br><br>Defendants. | Case No.    SACV-10-1407-CJC (RNBx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(1); 12(b)(6); 9(b)]**<br><br>Date:       November 15, 2010<br>Time:       10:00 a.m.<br>Judge:      Hon. Cormac J. Carney<br>Courtroom: 9B |

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

2  HEREIN:

3    PLEASE TAKE NOTICE that on November 15, 2010 at 10:00 a.m., or as

4  soon thereafter as the matter may be heard, in the courtroom of the Honorable

5  Cormac J. Carney, United States District Judge, Central District of California,

6  located at 411 West Fourth Street, Santa Ana, California 92701, Defendants

7  Ringleader Digital, Inc.; Whitepages.com, Inc.; Travel Channel, LLC; and Go2

8  Media, Inc. (collectively, "Defendants") will, and hereby do, move to dismiss with

9  prejudice the Class Action Complaint of Plaintiffs Charlie Aughenbaugh, Tony

10  Weber, and Brooke Stafford (collectively, "Plaintiffs") pursuant to Federal Rules of

11  Civil Procedure 12(b)(1) because Plaintiffs lack standing to assert their claims,

12  12(b)(6) because the Complaint fails to state a claim upon which relief can be

13  granted, and 9(b) for failure to plead their claims, all of which are grounded in

14  fraud, with particularity.

15    This Motion is based on this Notice of Motion and Motion, Defendants'

16  supporting Memorandum of Points and Authorities, and the court records and files

17  in this Action.

18    This motion is made following a conference of counsel pursuant to Local

19  Rule 7-3 which took place on September 30, 2010.

20

21  Dated:    October 12, 2010        DAVID F. MCDOWELL
                                      JACOB M. HARPER
22                                    MORRISON & FOERSTER LLP

23                                    By:_____/s/ David F. McDowell_____
                                          David F. McDowell
24                                        Attorneys for Defendants
                                          RINGLEADER DIGITAL, INC.;
25                                        WHITEPAGES.COM, INC.; TRAVEL
                                          CHANNEL, LLC; and GO2 MEDIA,
26                                        INC.

27

28

1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ALLEGATIONS .......................1

II.   PLAINTIFFS' LACK OF STANDING COMPELS DISMISSAL UNDER RULE 12(B)(1) ...................................................................................3

    A.    Plaintiffs Fail to Allege A Concrete, Particularized Injury-in-Fact ...............................................................................................3

    B.    Plaintiffs Allege Only Nonjusticiable Hypothetical Claims for an Abstract Generalized Group of Mobile Phone Users.......................5

    C.    Plaintiffs' Lack of Standing Undermines Their Statutory and Class Claims ...............................................................................................7

        1.    Because Plaintiffs Fail to Allege a Constitutional Injury-in-Fact, Plaintiffs' Statutory Claims Necessarily Fail ...............7

        2.    Because Plaintiffs Themselves Lack Standing, Their Class Claims Fail ..................................................................................8

III.  PLAINTIFFS' FAILURE TO STATE A CLAIM COMPELS DISMISSAL UNDER RULE 12(B)(6).......................................................8

    A.    Plaintiffs Do Not Satisfy Rule 12(b)(6)'s Pleading Standards for Any of Their Seven Causes of Action..............................................................8

    B.    Plaintiffs' First Cause of Action Fails to State a Claim for Violation of the Federal Computer Fraud and Abuse Act ...................9

        1.    Plaintiffs Did Not Suffer Statutory "Loss or Harm" of at Least $ 5,000 ................................................................................9

        2.    Plaintiffs Fail to Allege Defendants Engaged in "Unauthorized Access" of Mobile Device Data .....................10

    C.    Plaintiffs' Second Cause of Action Fails to State a Claim for Violation of the California Computer Data Access and Fraud Act ...........................................................................................................11

        1.    Plaintiffs Fail to Allege Any Defendant Engaged in Anything More Than "Knowing Access" by Itself .................11

        2.    Plaintiffs Fail to Allege Defendants "Kn[e]w" They Used Mobile Device Information "Without Permission"..................12

        3.    Plaintiffs Fail to Allege That They Suffered "Damage or Loss by Reason of" Any Defendant's Conduct ........................13

    D.    Plaintiff's Third Cause of Action Fails to State a Claim for Violation of the California Consumer Legal Remedies Act...............14

        1.    Plaintiffs Are Not "Customers" That "Bought" or "Leased" Anything From Defendants......................................14

        2.    Plaintiffs' Claims Do Not Involve a "Good" or "Service".......15

    E.    Plaintiffs' Fourth Cause of Action Fails to State a Claim for Violation of the California Unfair Competition Law.........................16

        1.    Plaintiffs Fail to Allege a Claim for Restitution of "Lost Money or Property" Caused by Defendants .............................16

i

1

# TABLE OF CONTENTS

2

**Page**

3
      2. Plaintiffs Fail to Allege Defendants Engaged in Wrongful Conduct ................................................................................... 17

4
          a. Plaintiffs' UCL Claim Fails Because Their Other Claims Fail ................................................................. 17

5

6
          b. Plaintiffs Fail to Allege Defendants Engaged in "False Advertising" in Connection with the Sale of Property or a Service ........................................... 18

7
  F. Plaintiffs' Fifth Cause of Action Fails to State a Claim for Violation of California's Anti-Wiretap Statute, the California Invasion of Privacy Act ................................................................ 19

8

9
      1. The Federal Electronic Communications Privacy Act Preempts Plaintiffs' Claims ........................................ 19

10
      2. Plaintiffs Do Not Allege the Data Defendants Allegedly Use Is "In Transit" ......................................................... 19

11

12
      3. Plaintiffs Fail to Allege Defendants Accessed Any "Message, Report, or Communication" .......................... 20

13
  G. Plaintiffs' Sixth Cause of Action Fails to State a Claim for Common Law Trespass to Chattels ................................... 21

14
      1. Plaintiffs Fail to Allege They Suffered Any "Injury to the Plaintiff[s'] Personal Property" ......................... 21

15
      2. Plaintiffs Fail to Allege "Interference With Possession of Personal Property" ................................................... 22

16

17
  H. Plaintiffs' Seventh Cause of Action Fails to State a Claim for Common Law "Unjust Enrichment" ................................... 23

18
IV. PLAINTIFFS' FAILURE TO PLEAD THEIR CLAIMS WITH PARTICULARITY COMPELS DISMISSAL UNDER RULE 9(B) ........... 24

19
V. CONCLUSION .................................................................................. 25

20

21

22

23

24

25

26

27

28

ii

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

*Arias v. Super. Ct.*,
  46 Cal. 4th 969, 209 P.3d 923 (Cal. 2009) ........................................ 16

5

*Ashcroft v. Iqbal*,
  __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................................... 8

6

*AtPac, Inc. v. Aptitude Solutions, Inc.*,
  No. 2:10-294 WBS KJM, 2010 U.S. Dist. LEXIS 87519, *12–14
  (E.D. Cal. Aug. 4, 2010) ........................................................... 10

7

8

*Berry v. Am. Express Publ'g, Inc.*,
  147 Cal. App. 4th 224, 54 Cal. Rptr. 3d 91 (Cal. Ct. App. 2007) .................... 16

9

*Bunnell v. Motion Picture Ass'n of Am.*,
  567 F. Supp. 2d 1148 (C.D. Cal. 2007) ........................................... 19

10

*Burnett v Rowzee*,
  No. SA CV 07-641 DOC (ANx), 2007 U.S. Dist. LEXIS 96098
  (C.D. Cal. Oct. 18, 2007) ......................................................... 18

11

12

*Carvalho v. Equifax Info. Servs., LLC*,
  No. 09-15030, 2010 U.S. App. LEXIS 17191, at *13–14 (9th Cir.
  Aug. 18, 2010) ................................................................. 14

13

14

*Cetacean Cmty v. Bush*,
  386 F.3d 1169 (9th Cir. 2004) .................................................... 7

15

*Clark v. Super. Ct.*,
  50 Cal. 4th 605,  235 P.3d 171 (Cal. 2010) ........................................ 17

16

*Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*,
  4 Cal. App. 4th 963, 6 Cal. Rptr. 2d 193 (Cal. Ct. App. 1992) ...................... 18

17

18

*Cvent, Inc. v. Eventbrite, Inc.*,
  No. 1:10-cv-00481, 2010 U.S. Dist. LEXIS 96354, at *11 (E.D. Va.
  Sep. 14, 2010) .............................................................. 10, 11

19

20

*de Los Santos v. World Capital Fin.*,
  No. CV 08-4839 CAS(AJWx), 2009 U.S. Dist. LEXIS 22913, at
  *16 (C.D. Cal. Mar. 9, 2009) ...................................................... 17

21

22

*Doe v. Wal-Mart Stores, Inc.*,
  572 F.3d 677 (9th Cir. 2009) ...................................................... 9

23

*Dormevil v. Cal. Dep't of Educ. & Office of Admin. Hearings*,
  No. 06cv2357 BEN (RBB), 2007 U.S. Dist. LEXIS 64216, at *5–6
  (C.D. Cal. Aug. 29, 2007) ......................................................... 5

24

25

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350, 108 Cal. Rptr. 3d 682 (2010) ............................ 23

26

*eBay Inc. v. Digital Point Solutions, Inc.*,
  608 F. Supp. 2d 1156 (N.D. Cal. 2009) ........................................... 25

27

*Fairbanks v. Super. Ct.*,
  46 Cal. 4th 56, 205 P.3d 201 (Cal. Ct. App. 2009) ................................ 15

28

iii

DEFS. RINGLEADER DIGITAL'S, WHITEPAGES.COM'S, TRAVEL CHANNEL'S, AND GO2 MEDIA'S NOT. OF MOT. AND MOT. TO DISMISS COMPL.

# TABLE OF AUTHORITIES

**Page(s)**

*Germain v. J.C. Penney Co.*,
No. CV 09-2847 CAS (FMOx), 2009 U.S. Dist. LEXIS 60936, at
*19–21 (C.D. Cal. July 6, 2009) ................................................................17

*Hall v. Time Inc.*,
158 Cal. App. 4th 847, 70 Cal. Rptr. 3d 466 (Cal. Ct. App. 2008) ...................16

*Hana Fin., Inc. v. Hana Bank*,
500 F. Supp. 2d 1228 (C.D. Cal. 2007) ..............................................13

*In re Apple & ATTM Antitrust Litig.*,
No. C 07-05152 JW, 2010 U.S. Dist. LEXIS 98270, at *13 (N.D.
Cal. July 8, 2010) ..........................................................................22

*In re Cybernetic Servs.*,
252 F.3d 1039 (9th Cir. 2001) ......................................................19

*In re DirecTV Early Cancellation Litig.*,
No. ML 09-2093 AG (ANx), 2010 U.S. Dist. LEXIS 98204, *77
(C.D. Cal. Sept. 7, 2010).................................................................23

*In re DoubleClick Privacy Litigation*,
154 F. Supp. 2d 497 (S.D.N.Y. 2001) ...............................................4, 5, 7, 10

*In re Flash Memory Antitrust Litig.*,
No. C 07-0086 SBA, 2010 U.S. Dist. LEXIS 66466, at *29 (N.D.
Cal. June 10, 2010) ............................................................................8

*Ingels v. Westwood One Broad. Servs., Inc.*,
129 Cal. App. 4th 1050, 28 Cal. Rptr. 3d 933 (Cal. Ct. App. 2005) .................17

*Intel Corp. v. Hamidi*,
30 Cal. 4th 1342, 71 P.3d 296 (Cal. 2003) .........................................2, 15

*Jogani v. Super. Ct.*,
165 Cal. App. 4th 901, Cal. Rptr. 3d 503 (Cal. Ct. App. 2008) .......................23

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ......................................................24, 25

*Kingman Reef Atoll Invs., LLC v. United States*,
541 F.3d 1189 (9th Cir. 2008) ..........................................................3

*Kowalski v. Tesmer*,
543 U.S. 125, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) .........................6

*Krainski v. State ex rel. Bd. of Regents*,
No. 08-17523, 2010 U.S. App. LEXIS 15968, at *20 (9th Cir. Aug.
2, 2010) ............................................................................................8

*Laird v. Tatum*,
408 U.S. 1, 92 S. Ct. 2318, 33 L. Ed. 2d 154 (1972) .........................3, 5

*Lance v. Coffman*,
549 U.S. 437, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007) .......................6

*Lee v. Chase Manhattan Bank*,
No. C07-04732 MJJ, 2008 U.S. Dist. LEXIS 25007, at *7 (N.D.
Cal. Mar. 14, 2008).............................................................................7

iv

1          **TABLE OF AUTHORITIES**

2                                                                                          **Page(s)**

3    *Lee v. Lampert*,
        610 F.3d 1125 (9th Cir. 2010) ............................................................................21

4    *Lopez v. Wash. Mut. Bank*,
        No. 1:09-CV-1838 ANI JLT, 2010 U.S. Dist. LEXIS 38307, at
5       *28–29 (E.D. Cal. Apr. 16, 2010).......................................................................23

6    *Lujan v. Defenders of Wildlife*,
        405 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ...................................3

7    *LVRC Holdings LLC v. Brekka*,
        581 F.3d 1127 (9th Cir. 2009) ......................................................9, 10, 11, 21
8
     *Mahoney v. Fl. Nat'l Title Co.*,
9       No. SACV 08-0561 AG(CWx), 2008 U.S. Dist. LEXIS 107413, at
        *9 (C.D. Cal. Sept. 15, 2008) .............................................................................16
10
     *Melchior v. New Line Prods, Inc.*,
11      106 Cal. App. 4th 779, 131 Cal. Rptr. 2d 347 (Cal. Ct. App. 2003)..................23

12   *Meyer v. Sprint Spectrum L.P.*,
        45 Cal. 4th 634, 200 P.3d 295 (Cal. 2009) ..........................................................7

13   *Nelson v. King County*,
        895 F.2d 1248 (9th Cir. 1990) ..............................................................................8

14   *Oce N. Am., Inc. v. MCS Servs.*,
        No. WMN-10-CV-984, 2010 U.S. Dist. LEXIS 96729 (D. Md.
15      Sept. 16, 2010)......................................................................................................9

16   *Pantoja v. Countrywide Home Loans, Inc.*,
        640 F. Supp. 2d 1177 (N.D. Cal. 2009)...............................................................17

17   *People v. Hawkins*,
        98 Cal. App. 4th 1428 (Cal. Ct. App. 2002)..................................................12, 13
18
     *People v. Nakai*,
19      183 Cal. App. 4th 499, 107 Cal. Rptr. 402 (Cal. Ct. App. 2010).......................21

20   *People v. Tillotson*,
        157 Cal. App. 4th 517, 69 Cal. Rptr. 3d 42 (Cal. Ct. App. 2007).....................12

21   *People v. Wilson*,
        17 Cal. App. 3d 598, 94 Cal. Rptr. 923 (Cal. Ct. App. 1971) ............................20

22   *Salmon Spawning & Recovery Alliance v. Gutierrez*,
        545 F.3d 1220 (9th Cir. 2008) ..........................................................................3, 5

23   *Schmier v. United States Court of Appeals*,
        279 F.3d 817 (9th Cir. 2001) ................................................................................7
24
     *Second Image, Inc. v. Ronsin Photocopy, Inc.*,
25      No. C 07-5242 PJH, 2007 U.S. Dist. LEXIS 95417, at *34 (N.D.
        Cal. Dec. 21, 2007) .............................................................................................10

26   *Silva v. County of L.A.*,
        215 F. Supp. 2d 1079 (C.D. Cal. 2003) ................................................................7
27
     *Spurlock v. Carrington Mortg. Servs.*,
28      No. 09CV2273-MMA, 2010 U.S. Dist. LEXIS 80221, at *18 (S.D.

                                            v

# TABLE OF AUTHORITIES

**Page(s)**

Cal. Aug. 4, 2010)..........................................................................................18

*Stewart v. Cal. Dep't of Educ.*,
No. 07cv0971 JAH (CAB), 2008 U.S. Dist. LEXIS 76228, at *22–
23 (S.D. Cal. Sep. 30, 2008) ...........................................................................8

*Suguri v. Wells Fargo Bank, N.A.*,
No. CV 09-1828 PSG (PJWx), 2009 U.S. Dist. LEXIS 110639, at
*16 (C.D. Cal. Aug. 7, 2009).........................................................................25

*United States v. Sequel Contractors, Inc.*,
402 F. Supp. 2d 1142 (C.D. Cal. 2005) .........................................................24

*Vernon* ..................................................................................................................5

*Vernon v. City of L.A.*,
27 F.3d 1385 (9th Cir. 1994) ................................................................. 3, 4, 5

*Vess v. Ciba-Geigy Corp., USA*,
317 F.3d 1097 (9th Cir. 2003) ...............................................................24, 25

*Wahl v. Am. Sec. Ins. Co.*,
No. C 08-00555 RS, 2008 U.S. Dist. LEXIS 51033, at *11–12
(N.D. Cal. June 16, 2008) ..............................................................................15

## STATUTES

18 U.S.C. § 2511 .................................................................................................19

18 U.S.C. § 2518(10)(c)......................................................................................19

18 U.S.C. §§ 1030(a)(2)(C), (a)(4)(i)(I), (g)) .............................................9, 10

Cal. Bus. & Prof. Code § 17200 ...................................................................16, 17

Cal. Bus. & Prof. Code § 17204 .........................................................................16

Cal. Bus. & Prof. Code § 17500 .........................................................................18

Cal. Civ. Code § 1761(a) ....................................................................................15

Cal. Civ. Code § 1761(d) ....................................................................................14

Cjal. Civ. Code § 1770(a) ...................................................................................14

Cal. Penal Code § 502(b)(8) ...............................................................................14

Cal. Penal Code § 502(c)(2)................................................................................12

Cal. Penal Code § 502(e)(1)................................................................................13

Cal. Penal Code § 631 .........................................................................................20

Cal. Penal Code § 631(a) ....................................................................................20

Cal. Penal Code § 502(c)(1)................................................................................12

Cal. Penal Code § 502(c)(2)................................................................................12

Cal. Penal Code § 502(c) (4)...............................................................................12

## OTHER AUTHORITIES

Cal. Penal Code § 502(b)(8) ...............................................................................14

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3    Cal. Penal Code § 502(c)(2)........................................................................................12

4    Cal. Penal Code § 502(e)(1)........................................................................................13

     Cal. Penal Code § 631..................................................................................................20

5    Cal. Penal Code § 631(a) .............................................................................................20

6    Cal. Penal Code §§ 502(c)(1), (2), (4) ......................................................................12

7    Grant Yang, *Stop the Abuse of Gmail!*, 2005 Duke L. & Tech. Rev. 14,
          ¶ 18 (2005) .........................................................................................................20

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION AND SUMMARY OF ALLEGATIONS

Defendants submit this motion to dismiss Plaintiffs' Complaint and its allegations regarding "Media Stamp" technology, the basis of a novel advertising platform for mobile devices created by Defendant Ringleader Digital, Inc. and used in conjunction with the websites operated by the other Defendants herein.

Plaintiffs' own allegations show Plaintiffs' claims for relief are meritless.[1] When, according to Plaintiffs, people access websites through their iPhones and other mobile devices, two things happen:  the devices automatically store certain data in databases created by their web browsers; and the websites themselves display random advertisements, often of no interest to users. (Compl. ¶¶ 17–18, 22.) With Media Stamp, Ringleader Digital developed a method for using the former to resolve the randomness problems of the latter.  When mobile device users access a website (operated by Defendants) using Ringleader Digital's technology, the mobile devices each save a unique identifying number to the databases.  (Compl. ¶ 20.)  Those websites then report visitor information to Ringleader Digital, which associates the data with the unique number and thereby tailors website advertisements to the user's preferences.  (Compl. ¶¶ 17–18, 20–22.)  Thus, instead of random advertisements of dubious relevance, mobile device users are presented with advertisements designed to interest them.

Plaintiffs do not allege the process causes any injury:  Defendants do not corrupt or delete any data — indeed, Plaintiffs allege only that they are "unable to delete" mobile device data (Compl. ¶ 27) — or otherwise injure Plaintiffs. Yet, despite no allegation of any harm, Plaintiffs have brought a putative class action against Ringleader Digital and the other Defendants on the theory that Ringleader

---

[1] Because, *for purposes of this motion to dismiss only,* the Court assumes the truth of Plaintiffs' allegations, Plaintiffs' Complaint is the source of each allegation stated herein.  Defendants vigorously deny the truth of Plaintiffs' allegations.

1

1  Digital violates mobile device users' privacy by allowing "track[ing]" of mobile

2  device users' movements "without [their] permission or knowledge."  (Compl.

3  ¶¶ 25–26.)

4      Plaintiffs' claims lack merit and should be dismissed.

5      *First*, Plaintiffs lack standing to assert their claims.  Plaintiffs' "injury" boils

6  down to a moral objection to Defendants' alleged ability to "track" web browsing

7  activities without the mobile device users' permission.  The Supreme Court and

8  Ninth Circuit have long held, however, that an individual's unease with undesired

9  monitoring activity does not, by itself, satisfy the constitutional minimum

10  requirement of an injury-in-fact.  This is particularly true where, as here, Plaintiffs

11  fail to allege that they even own the mobile devices in question, let alone are among

12  those "being tracked."  Instead, Plaintiffs improperly assert claims on behalf of an

13  amorphous population of mobile device owners that does not include themselves.

14  For the same reasons, Plaintiffs cannot stand as putative class representatives, so

15  the Complaint must be dismissed with respect to those plaintiffs as well.

16      *Second*, even if Plaintiffs had standing, Plaintiffs' various claims — for

17  violation of the (1) Computer Fraud and Abuse Act, (2) California Computer Data

18  Access and Fraud Act[2], (3) Consumer Legal Remedies Act, (4) Unfair Competition

19  Law, and (5) California Invasion of Privacy Act; and for common law (6) trespass

20  to chattels[3] and (7) unjust enrichment — fail because Plaintiffs do not even plead

21  allegations sufficient to satisfy the claims' basic elements.

22      *Third*, because all their claims rest on thinly veiled and poorly pleaded fraud

23  allegations, Plaintiffs fail to satisfy Rule 9(b)'s heightened pleading requirements.

24  _____

25      [2] Plaintiffs misname this statute the "California Computer Crime Law."

26      [3] California prefers "trespass to chattels" over Plaintiffs' "trespass to personal
    property."  *See Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1347–351, 71 P.3d 296
27  (Cal. 2003) (using terms interchangeably but preferring "trespass to chattels").

28

## II.   PLAINTIFFS' LACK OF STANDING COMPELS DISMISSAL UNDER RULE 12(B)(1)

### A.   Plaintiffs Fail to Allege A Concrete, Particularized Injury-in-Fact

Plaintiffs fail to allege anything more than a vague sense of discomfort with Ringleader Digital's system of creating targeted advertising for mobile device users.  To establish standing, however, Plaintiffs must show they "suffered an injury-in-fact that is concrete and particularized, and actual or imminent." *Salmon Spawning & Recovery Alliance v. Gutierrez*, 545 F.3d 1220, 1225 (9th Cir. 2008) (affirming dismissal or failure to establish standing), *citing Lujan v. Defenders of Wildlife*, 405 U.S. 555, 560–561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Vague notions of discomfort with a defendant's actions are not enough; the plaintiff must have suffered a "substantial burden" to have sustained an injury-in-fact. *Vernon v. City of L.A.*, 27 F.3d 1385, 1394-1395 (9th Cir. 1994).  Plaintiffs bear the burden of proving jurisdiction when standing is challenged.  *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

Plaintiffs fall far short of meeting their burden to establish a "substantial burden" necessary for them to establish an injury-in-fact.  Plaintiffs' "injuries" instead amount to the following:  an allegation that mobile users are "being tracked," an allegation that information was stored on the mobile devices' already-present databases, and an allegation that such information was used to tailor advertisements that better appealed to the users' likely preferences.  (Compl. ¶¶ 17, 24, 25, 31.)   Plaintiffs do *not* allege that mobile users have lost the use of their mobile phones; that any data was corrupted, damaged, or harmed in any way; or that Defendants' actions cost Plaintiffs any money.

The Supreme Court and Ninth Circuit have long dismissed for lack of standing complaints premised on forms of alleged monitoring similar to — indeed, even more substantial than — the type alleged by Plaintiffs here.   In *Laird v. Tatum*, 408 U.S. 1, 92 S. Ct. 2318, 33 L. Ed. 2d 154 (1972), plaintiffs sued to

3

1    challenge a government surveillance system that, by secretly collecting and

2    analyzing personal information about them, allegedly injured plaintiffs so offending

3    their sensibilities that it had a "chilling effect" on their First Amendment expressive

4    activities. *Id.* at 6–8. The Court dismissed the claim for lack of an injury-in-fact:

5    "[T]heir claim, simply stated, is that they disagree" with the "very existence" of the

6    data-gathering system, as well as the "the type and amount of information"

7    gathered. *Id.* at 13. The plaintiffs' vague notions of discomfort and claims that

8    their speech activities were "chilled" was not an "adequate substitute for a claim of

9    specific present objective harm or a threat of specific future harm." *Id.* at 14.

10        Likewise, in Vernon, the Ninth Circuit dismissed a similar claim in which the

11   plaintiff, a police officer, lamented an "investigation" into whether his religious

12   views affected his policing duties. 27 F.3d at 1388–1389. The court held that the

13   plaintiff lacked standing — even though the officer believed that he could not

14   "consult with his church elders" or engage in other religious activities — because

15   any perceived harm did not amount to a "substantial" injury. *Id.* at 1395.

16        And in *In re DoubleClick Privacy Litigation*, 154 F. Supp. 2d 497 (S.D.N.Y.

17   2001), a case with strikingly similar allegations to those of Plaintiffs here, a

18   putative class of home computer users alleged that DoubleClick, an Internet

19   advertising service provider, improperly gathered "names, e-mail addresses, home

20   and business addresses, telephone numbers, searches performed on the

21   Internet, Web pages or sites visited on the Internet and other communications and

22   information," which DoubleClick used to create targeted advertisements at the

23   websites users that visited. 154 F. Supp. 2d at 503. Although the *DoubleClick*

24   court did not decide the issue of Constitutional standing,[4] it nonetheless found (on

25   
_____

26        [4] *Doubleclick* instead dismissed the case for failure to state a claim under
     Rule 12(b)(6) because the complaint did not state facts supporting various statutory
27   elements, including some of the same claims asserted by Plaintiffs here.
     *Doubleclick Privacy Litig.*, 154 F. Supp. 2d at 519, 526 (finding no "criminal or

28                                                            (Footnote continues on next page.)

1    grounds similar to those in *Laird* and *Vernon*) that plaintiffs' claims of "injury" —
2    "an invasion of their privacy, a trespass to their personal property, and the
3    misappropriation of confidential data" — could not justify their claims.  *Id.* at 523.

4         Here, Plaintiffs' injury claims here are even less "substantial" than those in
5    *Laird*, *Vernon*, or *DoubleClick*.  Plaintiffs do not allege Defendants' conduct
6    "chills" or suppresses in any way their activities.  Nor do Plaintiffs even allege that
7    Defendants have obtained anything close to the extremely personal material —
8    names, group affiliations, religious preferences — that the data-collection activities
9    yielded in those cases.  Plaintiffs instead claim as an "injury," couched in the terms
10   of "privacy," nothing more than their fundamental disagreement with the way
11   Defendants "track" web-browsing activities (Compl. ¶ 25) — precisely the type of
12   insubstantial injury that *Laird*, *Vernon*, and *Doubleclick* reject.

13        Where, as here, a plaintiff fails to allege any cognizable injury, the
14   Complaint should be dismissed.  *Gutierrez*, 545 F.3d at 1224–1225 (affirming
15   dismissal of complaint for lack of standing); *see also Dormevil v. Cal. Dep't of*
16   *Educ. & Office of Admin. Hearings*, No. 06cv2357 BEN (RBB), 2007 U.S. Dist.
17   LEXIS 64216, at *5–6 (C.D. Cal. Aug. 29, 2007) ("Because no injury-in-fact to
18   Plaintiff is apparent, Plaintiff lacks Article III standing and the claim must be
19   dismissed.").

20                    **B.    Plaintiffs Allege Only Nonjusticiable Hypothetical Claims**
21                            **for an Abstract Generalized Group of Mobile Phone Users**
22        Plaintiffs' allegations concern an *abstract group* of mobile phone users in
23   general assert, not Plaintiffs themselves.  To have standing, however, a party "must
24   assert his own legal rights and interests" and cannot rest a claim for relief on "the
25   legal rights or interests of third parties," *Kowalski v. Tesmer*, 543 U.S. 125, 129,

26   _____
     (Footnote continued from previous page.)
27   tortious purpose" under Federal Wiretap Act, and no statutory "loss" under the
     Computer Fraud and Abuse Act).

28

125 S. Ct. 564, 160 L. Ed. 2d 519 (2004), or a broad "generally available grievance" common to a broad swath of the population, *Lance v. Coffman*, 549 U.S. 437, 439, 127 S. Ct. 1194, 167 L. Ed. 2d 29 (2007).

Plaintiffs instead couch their allegations in hypothetical conditional terms about what *could* happen to *other* mobile device users with the Ringleader Digital identifier, not what *actually has* occurred to *Plaintiffs*. *See, e.g.*, (Compl. ¶ 20 ["When a mobile website that uses Media Stamp *is accessed*, Ringleader's own databases collect information from the mobile device"]; *id.* ¶ 22 ["when *individuals* use their mobile devices to visit" select websites, "databases are created on their mobile devices] ¶ 25 ["*If* Plaintiffs[] cleaned their cookies folder . . . , this *would* have no affect on Defendants' ability to continue to track Plaintiffs"; "*even if* Plaintiffs were to take the traditional step to block advertisers . . . defendants thwarted those efforts"]; *id.* ¶ 31 [*even if* Plaintiffs read the privacy policy . . . , the damage is already done."] [emphasis added].)  Plaintiffs thus merely allege only the hypothetical claims that mobile device owners *could* raise.

Indeed, Plaintiffs' own allegations make clear that is *impossible* that Plaintiffs themselves could have suffered any injury, even assuming "injury" were possible.  Plaintiffs do not allege that they even own an iPhone or any other mobile device with the databases that Ringleader Digital uses, let alone a mobile device capable of "being tracked" in the manner Plaintiffs allege.  Plaintiffs do not even allege that they visited any website involving Ringleader Digital's technology.

Plaintiffs thus demonstrate nothing more than "a speculative and abstract interest" in the litigation, and their Complaint should accordingly be dismissed for lack of standing.[5]  *Schmier v. United States Court of Appeals*, 279 F.3d 817, 823–

---

[5] Plaintiffs' broad-based complaints about Ringleader Digital's methods for creating targeted advertising are better addressed to Congress, federal agencies, or state legislatures, not the Court.  *E.g.*, *Kowalski*, 543 U.S. at 129 (bar on generalized grievances avoids requiring courts "to decide abstract questions of wide public significance," which "other governmental institutions may be more

(Footnote continues on next page.)

824 (9th Cir. 2001) (affirming dismissal of complaint because plaintiff's complaint about "'possible future' injuries" from defendant's conduct did not satisfy standing requirements) (quotation omitted); *Lee v. Chase Manhattan Bank*, No. C07-04732 MJJ, 2008 U.S. Dist. LEXIS 25007, at *7 (N.D. Cal. Mar. 14, 2008) (dismissing claims where plaintiffs' "theory of injury . . . rests on a series of hypothetical assumptions about what may or may not transpire"); *Silva v. County of L.A.*, 215 F. Supp. 2d 1079, 1085 (C.D. Cal. 2003) (dismissing complaint for lack of standing where plaintiff's allegations based only on interest "shared with public at large," coupled with "fail[ure] to allege how the Defendants' alleged practices subject him" to harm.)

### C.   Plaintiffs' Lack of Standing Undermines Their Statutory and Class Claims

#### 1.   Because Plaintiffs Fail to Allege a Constitutional Injury-in-Fact, Plaintiffs' Statutory Claims Necessarily Fail

Notwithstanding their lack of any cognizable injury, Plaintiffs assert various statutory claims.  Those claims fail, however, because Plaintiffs necessarily cannot satisfy the damage requirements of their individual statutory claims if they cannot establish standing.  *Cetacean Cmty v. Bush*, 386 F.3d 1169, 1174–1175 (9th Cir. 2004) ("If a plaintiff lacks Article III standing, Congress may not confer standing on that plaintiff by statute."); *see, e.g.*, *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 638, 200 P.3d 295 (Cal. 2009) ("a plaintiff has no standing to sue under the [CRLA] without some allegation that he or she has been damaged by an alleged unlawful practice"); *Stewart v. Cal. Dep't of Educ.*, No. 07cv0971 JAH (CAB),

---

(Footnote continued from previous page.)

competent to address"); *DoubleClick Privacy Litig.*, 154 F. Supp. 2d at 526 (dismissing claims that web "cookies" violate privacy rights, in part because "Congress is aware of the conduct plaintiffs challenge" and is best suited to address such concerns).  Indeed, Congress itself is currently debating federal privacy standards, including those related to targeted advertising.

2008 U.S. Dist. LEXIS 76228, at *22–23 (S.D. Cal. Sep. 30, 2008) (barring claim under California Invasion of Privacy Act because only "a person injured by unlawful wiretapping" may "bring a civil action" under the statute").

### 2.   Because Plaintiffs Themselves Lack Standing, Their Class Claims Fail

Plaintiffs also purport to serve as class representatives for other people that hypothetically have suffered any injury.  But Plaintiffs themselves lack standing, so they cannot serve as class representatives and their class claim must be dismissed for the same reasons.  *Nelson v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990) ("If the litigant fails to establish standing, he may not 'seek relief on behalf of himself or any other member of the class.'") (citation omitted); *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 U.S. Dist. LEXIS 66466, at *29 (N.D. Cal. June 10, 2010) (refusing to permit plaintiff without standing to pursue class action because a "party lacking Article III standing at the outset of the lawsuit has no power to prosecute the action").

### III.   PLAINTIFFS' FAILURE TO STATE A CLAIM COMPELS DISMISSAL UNDER RULE 12(B)(6)

#### A.   Plaintiffs Do Not Satisfy Rule 12(b)(6)'s Pleading Standards for Any of Their Seven Causes of Action

Plaintiffs allege seven causes of action (based largely on conclusory allegations) that Defendants have engaged in conduct that constitutes "wiretapping," "unfair competition," "unjust enrichment," and other theories that have nothing to do with Ringleader Digital's system for creating targeted advertisements.  To defeat a motion to dismiss, however, "a complaint must contain sufficient factual matter to state a facially plausible claim for relief."  *Krainski v. State ex rel. Bd. of Regents*, No. 08-17523, 2010 U.S. App. LEXIS 15968, at *20 (9th Cir. Aug. 2, 2010), citing *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  "[C]onclusory allegations of law and unwarranted

8

1  inferences are insufficient to defeat a motion to dismiss." *Doe v. Wal-Mart Stores,*
2  *Inc.*, 572 F.3d 677, 683 (9th Cir. 2009).

3      The Court should dismiss all of Plaintiffs' causes of action.

**B.   Plaintiffs' First Cause of Action Fails to State a Claim for Violation of the Federal Computer Fraud and Abuse Act**

**1.   Plaintiffs Did Not Suffer Statutory "Loss or Harm" of at Least $ 5,000.**

7      Plaintiffs fail to state a claim under their First Cause of Action for violation
8  of the Federal Computer Fraud and Abuse Act ("CFAA"), a criminal statute.  To
9  establish a private right of action under the CFAA, Plaintiffs must have alleged
10 facts showing that "there was loss to one or more persons during any one-year
11 period aggregating at least $ 5,000 in value" resulting from Defendants' conduct.
12 *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009) (interpreting
13 18 U.S.C. §§ 1030(a)(2)(C), (a)(4)(i)(I), (g)).

14     Plaintiffs, however, fail to offer any facts showing that Defendants caused
15 anyone to lose *any* money, let alone $ 5,000.  Plaintiffs' only allegation of loss is
16 the conclusory statement that "harm to the protected computer aggregating at least
17 $5,000 in value" occurred.  (Compl. ¶ 36.)  That single allegation does not come
18 close to satisfying its burden to assert a private right of action under a criminal
19 statute, let alone on a motion to dismiss.  *E.g.*, *Oce N. Am., Inc. v. MCS Servs.*, No.
20 WMN-10-CV-984, 2010 U.S. Dist. LEXIS 96729 (D. Md. Sept. 16, 2010) ("the
21 Court agrees, that Plaintiff's allegation that it 'has suffered impairment to the
22 integrity or availability of its data, programs, systems, and information resulting in
23 losses or damages in excess of $5000 during a one year period' is merely a
24 conclusory statement and thus does not sufficiently plead the $5000 minimum
25 damages requirement to bring suit under the CFAA"); *Wal-Mart Stores*, 572 F.3d at
26 683 ("conclusory allegations . . . are insufficient to defeat a motion to dismiss").

27     Without any evidence of a $ 5,000 loss resulting from Defendants' conduct,
28 Plaintiffs' claims do not allege sufficiently substantial conduct to warrant liability

9

under the CFAA and must be dismissed.  *E.g.*, *AtPac, Inc. v. Aptitude Solutions, Inc.*, No. 2:10-294 WBS KJM, 2010 U.S. Dist. LEXIS 87519, *12–14 (E.D. Cal. Aug. 4, 2010) (dismissing CFAA claim in part because "plaintiff has not alleged that it incurred any costs or experienced lost revenue as a direct result of defendants' unauthorized server access"); *Second Image, Inc. v. Ronsin Photocopy, Inc.*, No. C 07-5242 PJH, 2007 U.S. Dist. LEXIS 95417, at *34 (N.D. Cal. Dec. 21, 2007) (dismissing CFAA claim because "[p]laintiff's allegations fail to adequately establish . . . that plaintiff incurred a 'loss' of at least $ 5,000"); *Doubleclick Privacy Cases*, 154 F. Supp. 2d at 526-527 ("an invasion of [plaintiffs'] privacy, a trespass to their personal property, and the misappropriation of confidential data," without more, fails to satisfy $5,000 minimum requirement).

### 2.   Plaintiffs Fail to Allege Defendants Engaged in "Unauthorized Access" of Mobile Device Data

Nor do Plaintiffs allege that Ringleader Digital or any other Defendant engaged in any type of conduct that the CFAA forbids.  The CFAA prohibits a defendant from "intentionally access[ing] a computer [] without authorization or exceeding authorized access." *Brekka*, 581 F.3d at 1132 (interpreting 18 U.S.C. §§ 1030(a)(2)(C), (a)(4)(i)(I), (g)).  The CFAA does not, however, prohibit the mere unauthorized "*use*" of information to which access was authorized.  *Id.* at 1133-1134 (rejecting claim that statute was violated where defendant performs unauthorized "use" of data to which defendant was authorized access) (emphasis added); *AtPac*, 2010 U.S. Dist. LEXIS 87519, at *16 (defendant's conduct "may have constituted an inappropriate use of the information, [but] did not violate the CFAA"); *Cvent, Inc. v. Eventbrite, Inc.*, No. 1:10-cv-00481, 2010 U.S. Dist. LEXIS 96354, at *11 (E.D. Va. Sep. 14, 2010) ("a mere allegation that a defendant used the information which it had been given lawful authority to access in an inappropriate way did not state a claim for relief").

1    Plaintiffs here complain only about unauthorized *use*, not unauthorized

2    *access*.  In Plaintiffs' words, "the claims in this matter concern Defendants'

3    *intentional exploitation of software*" to create targeted advertisements  (Compl. ¶ 17

4    [emphasis added]; *see also id*. ¶ 18 ["Defendants . . . found a way to exploit these

5    databases for their own advantage"].)  But Plaintiffs' allegations do not present any

6    facts demonstrating *access* was unauthorized.  In fact, Plaintiffs concede that when

7    mobile users visit a website using Ringleader Digital's technology, Ringleader

8    Digital "acquired information" from the mobile device as a matter of course, but

9    Plaintiffs do not allege that they refused Ringleader Digital or any other Defendants

10   access.  (Compl. ¶ 21.)  Indeed, Plaintiffs admit that at least one Defendant (Travel

11   Channel) provided a link to Ringleader Digital on the Travel Channel website to

12   explain Ringleader Digital's advertising platform.  (Compl. ¶ 30.)

13   In any case, even if the allegation that some mobile users are not comfortable

14   with the *use* of information already present on the mobile device databases,

15   Plaintiffs may not use the CFAA to punish it.  The claim should be dismissed.

16   *Brekka*, 581 F.3d at 1134-1135 (holding defendant not liable under CFAA for

17   unauthorized use of information that defendant obtained with computer owner's

18   consent); *AtPac*, 2010 U.S. Dist. LEXIS 87519, at *16 (dismissing CFAA claim

19   because "inappropriate use" of information is not a CFAA violation); *Cvent*, 2010

20   U.S. Dist. LEXIS 96354, at *11 (dismissing CFAA claim because "a mere

21   allegation that a defendant 'used the information . . . an inappropriate way' did not

22   state a claim for relief").

23   **C.    Plaintiffs' Second Cause of Action Fails to State a Claim for
         Violation of the California Computer Data Access and
24       Fraud Act**

25       **1.    Plaintiffs Fail to Allege Any Defendant Engaged in
             Anything More Than "Knowing Access" by Itself**
26

27   Plaintiffs allege that Defendants violated the California Computer Data

28   Access and Fraud Act ("CCDFA"), another criminal statute, by "knowingly

11

access[ing] data belonging to Plaintiffs" and make the conclusory assertion that such access "caused damage" to Plaintiffs.[6]  (Compl. ¶ 40.)  But the CCDFA does not criminalize what Plaintiffs plead — "knowing[] access" by itself.  The statute instead prohibits "knowing[] access" only if accompanied by some other conduct — *e.g.*, "alter[ing], damag[ing]," "delet[ing]," cop[ying]," or "us[ing]" data.  Cal. Penal Code §§ 502(c)(1), (2), (4) (imposing liability where defendant "knowingly accesses *and*" engages in additional conduct) (emphasis added); *see People v. Tillotson*, 157 Cal. App. 4th 517, 538-539, 69 Cal. Rptr. 3d 42 (Cal. Ct. App. 2007) (holding jury instruction that prohibited "knowing access" but omitted additional elements was erroneous).

Because Plaintiffs do not allege anything more, and because the Complaint fails to give notice of the basis of its cause of action, their claim should be dismissed on that ground alone.

> **2.     Plaintiffs Fail to Allege Defendants "Kn[e]w" They Used Mobile Device Information "Without Permission"**

To the extent Plaintiffs might have buried in their Complaint a suggestion that a Defendant might have "ma[de] use of" information stored on mobile devices, Plaintiffs fail to allege that it did so "knowing" that it used the data "without permission." Cal. Penal Code § 502(c)(2); *People v. Hawkins*, 98 Cal. App. 4th 1428, 1439, 121 Cal. Rptr. 2d 627 (Cal. Ct. App. 2002) (holding that "knowing" requirement of section 502 means defendant must have "knowledge of the existence of the facts in question," including that defendant "knowingly" engaged in all violative acts [e.g., "cop[ying]" or "ma[king] use of" data] "without permission").

Plaintiffs do not allege anywhere that any Defendant knew mobile device users withheld permission for a Defendant to make use of the browser information.

---

[6] Plaintiffs fail to allege any specific Defendant, other than Ringleader Digital, even "accessed" the information — reason alone to dismiss the claim.

1   To the contrary, Plaintiffs concede that Defendants explicitly *warned* mobile device

2   users that advertisers "may collect information" (Compl. ¶¶ 29-30), but in the face

3   of such warnings, Plaintiffs do not allege that they even attempted to protest the

4   access to and collection of the mobile user data.  Plaintiffs have alleged no facts

5   that even suggest Defendants used mobile device data "knowing" that Plaintiffs did

6   not give their permission to do so.

7          Because the Complaint fails to allege the necessary element that Defendants

8   "kn[e]w" they were using data "without permission," *Hawkins*, 98 Cal. App. at

9   1439, the claim must be dismissed.  *E.g.*, *Hana Fin., Inc. v. Hana Bank*, 500 F.

10  Supp. 2d 1228, 1237 (C.D. Cal. 2007) (dismissing claim for failure to the "knew or

11  should have known" element of claim).

12              **3.      Plaintiffs Fail to Allege That They Suffered "Damage**
                     **or Loss by Reason of" Any Defendant's Conduct**
13
14         Plaintiffs fail to allege facts showing that they suffered "damage or loss by

15  reason of" a Defendant's purported conduct.[7]  Cal. Penal Code § 502(e)(1).

16  Plaintiffs here allege not once that any Defendant caused any detrimental harm to

    any mobile device or its data.
17
18         Only if "damage or loss" meant "the *lack of* damage or loss" to mobile user

19  data would section 502 cover Defendants' conduct, but the statute obviously does

20  not support such an absurd interpretation.  The plain meaning of "damage or loss"

21  requires, of course, that Plaintiffs suffer some sort of *detriment* to their computer or

22  data.  *See* Merriam-Webster's Collegiate Dictionary 314 (11th ed. 2008)

23  ("damage": "1:  loss or harm resulting from injury to person, property, or

24  reputation"); *id*. at 736 ("loss":  "1:  destruction, ruin"; "5: decrease in amount,

    magnitude, or degree").  That the statute defines "injury" in similar terms of
25

26  _____

27         [7] Plaintiffs make a conclusory and insufficient assertion that Defendants'
    access to the mobile device data "caused damage."  (Compl. ¶ 41.)
28

1    detriment — "alteration, deletion, damage, or destruction," Cal. Penal Code

2    § 502(b)(8) — further supports the notion that the legislature envisioned the statute

3    to apply only if a defendant's conduct causes *detriment* to the plaintiff's data or

4    computer.  *See Carvalho v. Equifax Info. Servs., LLC*, No. 09-15030, 2010 U.S.

5    App. LEXIS 17191, at *13–14 (9th Cir. Aug. 18, 2010) ("'the commonsense canon

6    of *noscitur a sociis* . . . counsels that a word is given more precise content by the

7    neighboring words with which it is associated'") (citation omitted).

8        Plaintiffs' failure to plead any damage or loss as defined by the statute

9    further compels dismissal.

10        **D.    Plaintiff's Third Cause of Action Fails to State a Claim for Violation of the California Consumer Legal Remedies Act**

11

12        **1.    Plaintiffs Are Not "Customers" That "Bought" or "Leased" Anything From Defendants**

13        Plaintiffs allege a Third Cause of Action for violation of the California

14    Consumer Legal Remedies Act ("CLRA"), but Plaintiffs ignore the statute's

15    fundamental requirements, including that the CLRA applies only to "consumers":

16    individuals who "seek[] or acquire[]" goods or services "by *purchase* or *lease*."

17    Cal. Civ. Code § 1761(d) (emphasis added); *see id.* § 1770(a) (prohibiting "unfair

18    or deceptive acts or practices undertaken by any person in a transaction intended to

19    result or which results in *the sale or lease of goods or services to any consumer*")

20    (emphasis added); *id*. § 1761(e) (requiring a "transaction," defined as "an

21    agreement between a consumer and any other person").

22        Plaintiffs offer only the conclusory allegation that they and "members of the

23    proposed class are consumers under the CLRA" (Compl. ¶ 49), but have nothing

24    else to support their claim as CLRA-defined "consumers" that engaged in any sales

25    or lease transaction.  Plaintiffs do not allege that Defendants sold or leased anything

26    to Plaintiffs.  In fact, Plaintiffs concede that Defendants automatically upload —

27    *without* the exchange of any money or contract — the unique identification number

28    in question.  Indeed, Plaintiffs affirmatively allege that they were not consumers of

14

1   anything from Ringleader digital (Compl. ¶ 25) — that is, Plaintiffs emphatically

2   did *not* "seek[] or acquire[]" what Defendants gave them — so they could not

3   possibly qualify as a "customer" under the CLRA.  Plaintiffs thus concede that they

4   had *no* agreement, much less one through which they bought or leased any good or

5   service.

6          Where, as here, plaintiffs fail to allege facts showing that they qualify as

7   "customers" who engaged in any sales or lease transaction, the Complaint must be

8   dismissed.  *E.g.*, *Wahl v. Am. Sec. Ins. Co.*, No. C 08-00555 RS, 2008 U.S. Dist.

9   LEXIS 51033, at *11–12 (N.D. Cal. June 16, 2008) (dismissing CLRA claim where

10  plaintiff fails to allege existence of sales or lease "transaction").

11              **2.      Plaintiffs' Claims Do Not Involve a "Good" or
                          "Service"**

12         Nor do Plaintiffs' allegations about Ringleader Digital's method of targeting

13  advertisements to mobile device users come close to involving a "good" or

14  "service" as defined by the CLRA.  Like insurance, annuities, and credit,

15  Ringleader Digital's methods and unique identifiers are not "tangible chattel[s],"

16  Cal. Civ. Code § 1761(a) (defining "goods"), nor are they "work, labor, [or]

17  services for other than a commercial or business use," *id.* § 1761(b).  Indeed, the

18  California Supreme Court considers "electronic transmissions" — such as

19  Ringleader Digital's identifiers and targeted advertising methods — "*in*tangible."

20  *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1361, 71 P.3d 296 (Cal. 2003) (emphasis

21  added); *see also* Merriam-Webster's Collegiate Dictionary 1276 ("tangible": "1a:

22  capable of being perceived esp. by the sense of touch"); *see* (Compl. ¶¶ 21, 25, 29

23  [referring to Ringleader Digital technology vaguely as "acquired information," "an

24  ability to track," and a "type of data collection"]).

25         Where, as here, a plaintiff complains about an item that is not a good or

26  service, the CLRA claim must be dismissed.  *See, e.g.*, *Fairbanks v. Super. Ct.*, 46

27  Cal. 4th 56, 61, 205 P.3d 201 (Cal. Ct. App. 2009) ("Because life insurance is not a

28

15

1   'tangible chattel,' it is not a 'good' as that term is defined in the [CLRA].");   *Berry*

2   *v. Am. Express Publ'g, Inc.*, 147 Cal. App. 4th 224, 227, 54 Cal. Rptr. 3d 91 (Cal.

3   Ct. App. 2007) (dismissing CLRA claim because "the extension of credit, such as

4   issuing a credit card, separate and apart from the sale or lease of any specific goods

5   or services, does not fall within the scope of the [CLRA].");   *Mahoney v. Fl. Nat'l*

6   *Title Co.*, No. SACV 08-0561 AG(CWx), 2008 U.S. Dist. LEXIS 107413, at *9

7   (C.D. Cal. Sept. 15, 2008) (dismissing CLRA claim for lack of transaction

8   involving "goods or services").

9          **E.      Plaintiffs' Fourth Cause of Action Fails to State a Claim for**
              **Violation of the California Unfair Competition Law**
10

11              **1.      Plaintiffs Fail to Allege a Claim for Restitution of**
                  **"Lost Money or Property" Caused by Defendants**

12              Plaintiffs' Fourth Cause of Action seeks "damages" for violation of the

13   California Unfair Competition Law ("UCL").  (Compl. ¶¶ 53-55.)  The UCL does

14   not provide a private right of action, however, unless plaintiffs seek *restitution* of

15   "lost money or property" they parted with as a result of the putative defendants'

16   alleged misconduct.  Cal. Bus. & Prof. Code §§ 17200 & 17204; *see Arias v. Super.*

17   *Ct.*, 46 Cal. 4th 969, 977-978, 209 P.3d 923 (Cal. 2009) ("a private plaintiff may

18   bring a representative action under this law only if that plaintiff has 'suffered injury

19   in fact and has lost money or property as a result of such unfair competition'")

20   (quoting statute); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 849, 70 Cal. Rptr. 3d

21   466 (Cal. Ct. App. 2008) ("A plaintiff must have suffered an 'injury in fact' and

22   have 'lost money or property as a result of the unfair competition' to have standing

23   to pursue . . . a . . . claim under the California unfair competition law.").

24              Plaintiffs fail to allege that any Defendant caused Plaintiffs to lose money or

25   property.  Plaintiffs plead as their "injury" nothing more than their unhappiness that

26   Defendants can tailor web advertisements based on their browsing histories.

27   (Compl. ¶¶ 17, 24, 25, 31.)  These complaints do not even qualify as the

28   constitutional minimum for an "injury," *see supra* Part II.A, let alone the specific

1   "lost money or property" requirement of section 17200.  That they "seek *damages*

2   for this harm" underscores that they are not entitled to relief under the UCL.  *Clark*

3   *v. Super. Ct.*, 50 Cal. 4th 605, 610, 235 P.3d 171 (Cal. 2010) ("Not recoverable are

4   damages" under the UCL).

5       Plaintiffs' UCL claim should accordingly be dismissed for failure to allege

6   lost money or property.  *E.g.*, *Germain v. J.C. Penney Co.*, No. CV 09-2847 CAS

7   (FMOx), 2009 U.S. Dist. LEXIS 60936, at *19–21 (C.D. Cal. July 6, 2009)

8   (dismissing UCL claim because "plaintiffs have not demonstrated that they 'lost

9   money or property' recoverable as restitution"); *de Los Santos v. World Capital*

10  *Fin.*, No. CV 08-4839 CAS(AJWx), 2009 U.S. Dist. LEXIS 22913, at *16 (C.D.

11  Cal. Mar. 9, 2009) ("plaintiff's first claim pursuant to [the UCL] should be

12  dismissed because plaintiff has not alleged that she lost money or property as a

13  result of defendant's conduct").

14                  **2.   Plaintiffs Fail to Allege Defendants Engaged in**
                         **Wrongful Conduct**
15
                         **a.   Plaintiffs' UCL Claim Fails Because Their**
16                            **Other Claims Fail**

17      Plaintiffs allege Defendants engaged in an "unlawful [or] unfair . . . business

18  act or practice," Cal. Bus. & Prof. Code §§ 17200 & 17204, because, in Plaintiffs'

19  view, Ringleader Digital's targeted advertising methods are unlawful under

20  Plaintiffs' other theories.  (Compl. ¶¶ 53-55 [basis of UCL claim comprises "above-

21  described actions" and actions "described in other counts in the Complaint"].)

22      Because Plaintiffs' other claims fail, however, Plaintiffs' UCL claim has no

23  underlying basis and must also fail.  *E.g.*, *Ingels v. Westwood One Broad. Servs.,*

24  *Inc.*, 129 Cal. App. 4th 1050, 1060, 28 Cal. Rptr. 3d 933 (Cal. Ct. App. 2005) ("If

25  the [underlying] claim is dismissed, then there is no unlawful act upon which to

26  base the derivative Unfair Competition claim."); *Pantoja v. Countrywide Home*

27  *Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-1191 (N.D. Cal. 2009) (dismissing UCL

28  claim because court "has dismissed all of Plaintiff's predicate violations").

17

DEFS. RINGLEADER DIGITAL'S, WHITEPAGES.COM'S, TRAVEL CHANNEL'S, AND GO2 MEDIA'S NOT. OF MOT. AND MOT. TO DISMISS COMPL.

1

2

**b.    Plaintiffs Fail to Allege Defendants Engaged in "False Advertising" in Connection with the Sale of Property or a Service**

3   Plaintiffs alternatively allege that Defendants engaged in "false advertising"

4   by "fail[ing] to disclose to Plaintiffs and members of the proposed class the precise

5   nature of the information which was being placed on" mobile devices, and thereby

6   violated the UCL.  (Compl. ¶ 54.)  Plaintiffs' claim exhibits a fundamental

7   misunderstanding of false advertising under the UCL.

8   A viable false advertising claim requires Plaintiffs to allege that a Defendant

9   made an untrue or misleading statement concerning "property offered for sale."

10   *Consumers Union of U.S., Inc. v. Alta-Dena Certified Dairy*, 4 Cal. App. 4th 963,

11   972, 6 Cal. Rptr. 2d 193 (Cal. Ct. App. 1992); Cal. Bus. & Prof. Code § 17500

12   (requiring statement for purpose of "dispos[ing] of real or personal property or to

13   perform services.").  Plaintiffs do not allege Defendants deceived Plaintiffs into

14   making *any* purchases.  Indeed, the reason Plaintiffs never departed with "money or

15   property" is that no Defendants sold Plaintiffs anything.  *See supra* Part III.D.1.

16   Because a sale is not the basis of Plaintiffs' claims, their UCL claim

17   premised on false advertising fails.  *E.g.*, *Spurlock v. Carrington Mortg. Servs.*, No.

18   09cv2273-MMA, 2010 U.S. Dist. LEXIS 80221, at *18 (S.D. Cal. Aug. 4, 2010)

19   (dismissing UCL claim premised on false advertising because "Plaintiffs'

20   allegations simply do not fall within the purview of this statutory provision," which

21   "relates to false advertising for the sale of property or services"); *Burnett v Rowzee*,

22   No. SA CV 07-641 DOC (ANx), 2007 U.S. Dist. LEXIS 96098 (C.D. Cal. Oct. 18,

23   2007) (dismissing UCL claim because plaintiffs failed to state underlying claim for

24   false advertising).

25

26

27

28

18

**F.    Plaintiffs' Fifth Cause of Action Fails to State a Claim for Violation of California's Anti-Wiretap Statute, the California Invasion of Privacy Act**

**1.    The Federal Electronic Communications Privacy Act Preempts Plaintiffs' Claims**

For their Fifth Cause of Action, Plaintiffs throw in a claim under California's wiretap statute, the Invasion of Privacy Act.  Notwithstanding that Plaintiffs obviously make no allegation about anything resembling "wiretapping," Plaintiffs' claim is preempted by the federal Electronic Communications Privacy Act ("ECPA"), which broadly prohibits "interception and disclosure of wire, oral, or electronic communications."  18 U.S.C. § 2511.

The ECPA expressly preempts equivalent state law claims:  "The remedies and sanctions described in this chapter with respect to the interception of electronic communications are the only judicial remedies and sanctions for nonconstitutional violations of this chapter involving such communications."  18 U.S.C. § 2518(10)(c); *see Bunnell v. Motion Picture Ass'n of Am.*, 567 F. Supp. 2d 1148, 1154-1155 (C.D. Cal. 2007) (finding section 2518(10)(c) "express[ly] preempt[s] claims under the California Invasion of Privacy Act").

Moreover, because the ECPA scheme is "very comprehensive" — "it regulates private parties' conduct, law enforcement conduct, outlines a scheme covering both types of conduct and also includes a private right of action for violation of the statute" — the state law is preempted by "field preemption." *Bunnell*, 567 F. Supp. 2d at 1154 ("it is apparent to this Court 'that Congress "left no room" for supplementary state regulation'"), quoting *In re Cybernetic Servs.*, 252 F.3d 1039, 1045–1046 (9th Cir. 2001) (explaining preemption doctrine).

Plaintiffs' Invasion of Privacy Act claim should be dismissed.

**2.    Plaintiffs Do Not Allege the Data Defendants Allegedly Use Is "In Transit"**

Even if, *arguendo*, the ECPA does not preempt Plaintiffs' claim, the gist of Plaintiffs' allegations — that Defendants improperly "collect information from the

19

1    mobile device[s']" stationary databases on the mobile devices (Compl. ¶ 20) —

2    does not by any reasonable interpretation constitute a "wiretap," which by

3    definition requires that the information obtained be "*in transit* or passing over any

4    wire, line, or cable."  Cal. Penal Code § 631(a) (prohibiting a person who "willfully

5    and without the consent of all parties to the communication, or in any unauthorized

6    manner, reads, or attempts to read, or learn the contents or meaning of any message,

7    report, or communication while the same is *in transit or passing over any wire,*

8    *line, or cable*") (emphasis added); *see People v. Wilson*, 17 Cal. App. 3d 598, 603,

9    94 Cal. Rptr. 923 (Cal. Ct. App. 1971) (holding section 631 does not apply to

10   information "not obtained while the communications . . . were in transit or passing

11   over any wire, but [] obtained after and not 'while' they were in transit or passing

12   'over' the telephone wire."); *see also* Grant Yang, *Stop the Abuse of Gmail!*, 2005

13   Duke L. & Tech. Rev. 14, ¶ 18 (2005) (arguing that unauthorized monitoring of

14   email "would not meet the typical 'in transit' definition of wiretap").

15          With no allegation that the information on the databases was ever "in

16   transit," the wiretap claim obviously fails.

17                          **3.     Plaintiffs Fail to Allege Defendants Accessed Any**
                                  **"Message, Report, or Communication"**
18

19          Nor do Plaintiffs allege that Defendants obtained information from any

20   "message, report, or communication" sent by Plaintiffs, as required by the wiretap

21   statute.  Cal. Penal Code § 631. Plaintiffs instead allege only that Defendants

22   accessed "browser identifiers, session information, device type, carrier provider,

23   [user] IP addresses, unique device ID, carrier user ID and websites visited" —

24   pieces of data automatically created by the mobile device's software — from the

25   mobile device databases.  (Compl. ¶¶ 21, 24.)

26          Such information plainly does not come within the statute's purview.  The

27   novel HTML5-based browsing records — an intangible form of expression that the

28   legislature could not have imagined when it originally drafted section 631 several

---

20

1   decades ago — does not constitute a "message, report, or communication."  *See*
2   *People v. Nakai*, 183 Cal. App. 4th 499, 515-515, 107 Cal. Rptr. 402 (Cal. Ct. App.
3   2010) (agreeing with trial court that "a communication sent via the Internet was
4   'completely dissimilar to a phone call'" and not the type of "private communication
5   protected by section 631").  The fact that the legislature more recently has not
6   added the terms "data," "browsing history," or other terms that would encompass
7   the type of information Defendants used compels that section 631 does not cover
8   Defendants' conduct.  *See, e.g.*, *Lee v. Lampert*, 610 F.3d 1125, 1129-1130 (9th
9   Cir. 2010) (applying *expressio unius est exclusio alterius* to exclude novel proposed
10  addition to list of specific statutory terms).  That section 631 is a criminal statute
11  further requires that the Court construes the statute narrowly and not extend it to
12  prohibit conduct that it does not clearly encompass.  *Brekka*, 581 F.3d at 1134
13  (refusing to interpret criminal statute to encompass more than what is specifically
14  prohibited because "[t]he Supreme Court has long warned against interpreting
15  criminal statutes in surprising or novel ways that impose unexpected burdens on
16  defendants").

17          Because Plaintiffs' claim relies on an interpretation that the statute does not
18  support, the claim must be dismissed.

19          **G.      Plaintiffs' Sixth Cause of Action Fails to State a Claim for
20                    Common Law Trespass to Chattels**

21                    **1.      Plaintiffs Fail to Allege They Suffered Any "Injury to
                              the Plaintiff[s'] Personal Property"**

22          Plaintiffs' Sixth Cause of Action alleges that Ringleader Digital committed a
23  trespass to personal property by using mobile device databases to target
24  advertisements to users' preferences.  (Compl. ¶¶ 63–67.)

25          Plaintiffs do not come close to alleging a viable trespass claim, however,
26  which requires that the offending conduct cause actual "injury to the plaintiff's
27  personal property or legal interest therein."  *Hamidi*, 30 Cal. 4th at 1348 ("some
28  actual injury must have occurred in order for a trespass to chattels to be

21

1   actionable").  In *Hamidi*, the leading case in which a plaintiff attempted to apply a
2   trespass to chattels theory to unwarranted use of electronic data, Intel claimed that
3   an employee's unauthorized but nondamaging use of the company email system
4   constituted trespass.  *Id.*  Because Intel's property did not suffer any damage, the
5   California Supreme Court rejected the claim.  *Id.* "[W]e conclude," held the Court,
6   "that under California law the tort does not encompass, and should not be extended
7   to encompass, an electronic communication that neither damages the recipient
8   computer system nor impairs its functioning."  *Id.* at 1347.

9       Following *Hamidi*, *In re Apple & ATTM Antitrust Litigation* dismissed a
10   trespass to chattels claim by iPhone owners who complained that a bug in an early
11   version of the iPhone operating system software caused the device to shut down.  *In*
12   *re Apple & ATTM Antitrust Litig.*, No. C 07-05152 JW, 2010 U.S. Dist. LEXIS
13   98270, at *13 (N.D. Cal. July 8, 2010).  Because the iPhones themselves suffered
14   no damage, the trespass to chattels claim failed as a matter of law.  *Id.* at *13.

15       Here, Plaintiffs' claims fail for the same reasons given in *Hamidi* and *In re*
16   *Apple*:  Plaintiffs simply fail to make a single allegation that Defendants caused any
17   harm to a mobile device.  Plaintiffs' claim should be dismissed. *Hamidi*, 30 Cal. 4th
18   at 1348 (dismissing trespass claim for failure to allege injury to property); *In re*
19   *Apple & ATTM Antitrust Litig.*, 2010 U.S. Dist. LEXIS 98270, at *23 (same).

20           **2.      Plaintiffs Fail to Allege "Interference With Possession**
21                  **of Personal Property"**

22       Nor do Plaintiffs allege "interference with the possession of personal
     property."  *Hamidi*, 30 Cal. 4th at 1350 (requiring "possession of personal
23   property").  Plaintiffs do not allege they possess any mobile device, let alone one
24   from which Defendants purportedly gather browsing information.  *See supra*
25   Part II.B.  Even if Plaintiffs owned mobile devices, however, Plaintiffs fail to allege
26   Defendants interfered with that possession.  Indeed, Plaintiffs' claims necessarily
27   require that mobile device users had the unbridled ability to use the mobile devices
28

22

to access Defendants' websites, during which times Ringleader Digital gathered information from the users' databases. *See, e.g.*, (Compl. ¶ 21 [when a mobile device owner "visits a mobile web site through his mobile device that contracted to use Ringmaster's Media Stamp technology, Ringmaster Digital's Media Stamp acquired information"]).  Plaintiffs' trespass to chattels claim should be dismissed.

### H.   Plaintiffs' Seventh Cause of Action Fails to State a Claim for Common Law "Unjust Enrichment"

Plaintiffs allege a Seventh Cause of Action for "Unjust Enrichment," but "unjust enrichment is not a cause of action." *Jogani v. Super. Ct.*, 165 Cal. App. 4th 901, 911, 81 Cal. Rptr. 3d 503 (Cal. Ct. App. 2008) (dismissing "unjust enrichment" cause of action because it does not exist); *see Melchior v. New Line Prods, Inc.*, 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d 347 (Cal. Ct. App. 2003) ("[T]here is no cause of action in California for unjust enrichment."); *In re DirecTV Early Cancellation Litig.*, No. ML 09-2093 AG (ANx), 2010 U.S. Dist. LEXIS 98204, *77 (C.D. Cal. Sept. 7, 2010) (dismissing unjust enrichment claim because "the California Supreme Court would most likely find that unjust enrichment is not an independent claim."); *Lopez v. Wash. Mut. Bank*, No. 1:09-CV-1838 ANI JLT, 2010 U.S. Dist. LEXIS 38307, at *28–29 (E.D. Cal. Apr. 16, 2010) (dismissing "unjust enrichment" claim because it is "a general principle, underlying various legal doctrines and remedies, rather than a remedy itself.").

Even if unjust enrichment were a separate cause of action, Plaintiffs would not qualify for it.  "Unjust enrichment is synonymous with restitution," and a plaintiff can recover restitution only if the defendant "receive[d] a benefit at [the plaintiff's] expense." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370, 108 Cal. Rptr. 3d 682 (2010).  Just as Plaintiffs' UCL claim fails because they fail to allege that Defendants took Plaintiffs' "money or property," *see supra* Part III.E.1, so too does their "unjust enrichment" claim fails and must be dismissed. *E.g.*, *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1156-1157

(C.D. Cal. 2005) (dismissing unjust enrichment claim where plaintiff fails to "allege any facts that support a finding that [plaintiff] has an ownership interest in property or funds in the [defendant's] possession").

### IV.   PLAINTIFFS' FAILURE TO PLEAD THEIR CLAIMS WITH PARTICULARITY COMPELS DISMISSAL UNDER RULE 9(B)

The factual core of Plaintiffs' claims — that Defendants gather data and track mobile users "without permission" and "knowingly and secretively with the intent that Plaintiffs not realize what was being done" — amounts to thinly veiled accusations of fraud.   (Compl. ¶¶ 25, 69.)  When a plaintiff alleges a "unified course of fraudulent conduct," the complaint must satisfy Rule 9(b)'s particularity requirement and must allege facts demonstrating "who, what, when, where, and how" of the misconduct alleged, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) — even if fraud is not an element of any asserted cause of action, *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1103-1104 (9th Cir. 2003) (claims "grounded in fraud" or that "sound in fraud" as a whole "must satisfy the particularity requirement of Rule 9(b)").

Plaintiffs do not specifically allege fraud, but they do allege a thinly veiled "unified course of fraudulent conduct" that fails to satisfy Rule 9(b).  Plaintiffs allege that mobile users would never have allowed access to the data stored in their databases had Defendants "truthfully explain[ed]" Defendants' methods of targeting advertisements.  (Compl. ¶ 30.)  In support of their claim, they vaguely refer to Defendants' privacy policies and ambiguously explain that "what you see is a constant reference to cookies and vague reference to other technologies" and that the policies leave readers "in the dark as to how their browsing habits are being monitored."  (Compl. ¶ 30.)  Plaintiffs fail to quote a single word from any of these allegedly misleading privacy policies, fail to allege that any of Plaintiffs even attempted to read the policies, and fail to show how Defendants' allegedly deceptive claims resulted in any harm to Plaintiffs.

24

1  Nor do Plaintiffs even specify which Defendant engaged in the purported

2  allegations — reason enough to dismiss their claims, even under the lower Rule 8

3  standard.  *E.g.*, *Suguri v. Wells Fargo Bank, N.A.*, No. CV 09-1828 PSG (PJWx),

4  2009 U.S. Dist. LEXIS 110639, at *16 (C.D. Cal. Aug. 7, 2009) (Plaintiff's

5  "formulaic allegations lumping all Defendants together are insufficient to state a

6  claim"), citing *Twombly*.  Plaintiffs thus fall short of describing with particularity

7  the "who, what, when, where, and how" behind Defendants allegedly causing

8  Plaintiffs to "be[] tracked . . . without permission."  (Compl. ¶ 25.)

9  Because every one of Plaintiffs' causes of action is based on this poorly

10  pleaded chain of events, (Compl. ¶¶ 32, 39, 44, 52, 58, 63, 68 [incorporating fraud-

11  based allegations into all claims]), each of Plaintiffs' causes should be dismissed

12  for failure to plead their fraud-based claims with particularity.  *E.g.*, *Kearns*, 567

13  F.3d at 1124 (affirming dismissal of UCL and CLRA claims under Rule 9(b));

14  *Vess*, 317 F.3d at 1103–1104 (affirming dismissal of state law claims where

15  plaintiff "allege[s] in the complaint that the defendant has engaged in fraudulent

16  conduct," though "fraud is not a necessary element of [the] claim"); *eBay Inc. v.*

17  *Digital Point Solutions, Inc.*, 608 F. Supp. 2d 1156, 1166 (N.D. Cal. 2009)

18  (dismissing statutory computer crime claims where "underlying basis" is fraud).

19  **V.    CONCLUSION**

20  For the foregoing reasons, Defendants respectfully request that the Court

21  grant their motion to dismiss.

22  Dated:    October 12, 2010          DAVID F. MCDOWELL
                                        JACOB M. HARPER
23                                      MORRISON & FOERSTER LLP

24                                      By:_____/s/ David F. McDowell_____
                                             David F. McDowell
25                                           Attorneys for Defendants
                                             RINGLEADER DIGITAL, INC.;
26                                           WHITEPAGES.COM, INC.; TRAVEL
                                             CHANNEL, LLC; and GO2 MEDIA, INC.
27  1094500

28